Search Warrant

☒ FILED   ☐ LODGED

# UNITED STATES DISTRICT COURT

## for the

### District of Arizona

**Nov 28 2022**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

In the Matter of the Search of

*(Briefly Describe the property to be searched or identify the person by name and address*

a 2018 Toyota Tacoma; VIN# 3TMCZ5AN6JM186197; Arizona LP# R0A3DE; located at the Navajo Nation Police Department in Tuba City, Arizona.

Case No.   22-04422-MB

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of <u>Arizona.</u>
(identify the person or describe the property to be searched and give its location):

### As further described in Attachment A-1.

The person or property to be searched, described above, is believed to conceal (identify the person or describe the property to be seized):

### As set forth in Attachment B-1.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

YOU ARE COMMANDED to execute this warrant on or before _____ December 12, 2022 _____.

*(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m.
☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge.

__x__ Any Magistrate Judge in Flagstaff, Arizona_____.
         *(name)*
☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*   ☐ for  days *(not to exceed 30)*
                                                    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: _____

*Camille D. Bibles*   Digitally signed by Camille D. Bibles
Date: 2022.11.28 11:11:32 -07'00'

*Judge's signature*

HONORABLE CAMILLE D. BIBLES
United States Magistrate Judge

City and State: ___Flagstaff, Arizona_____

*Printed name and title*

AO 93 (Rev. 01/09) Search and Seizure Warrant (Page 2)

## RETURN

| Case No.: | Date and Time Warrant Executed: | Copy of warrant and inventory left with: |
|---|---|---|
| | | |

Inventory Made in the Presence of:

Inventory of the property taken and name of any person(s) seized:

## CERTIFICATION

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____


_____

Executing officer's signature


Printed name and title

## ATTACHMENT A-1
## PROPERTY TO BE SEARCHED

The vehicle is currently located inside the confines of the Tuba City Police Department in Tuba City, Arizona.

**DESCRIPTION OF VEHICLE:** Make: Toyota; Model: Tacoma; Year: 2018; License Plate: R0A3DE (Arizona); VIN#: 3TMCZ5AN6JM186197; Registered Owner: James Lloyd Yazzie; Registration Authority: Arizona





**ATTACHMENT B-1**
**THINGS TO BE SEARCHED FOR AND SEIZED**

1.      Any traces of blood, hair, skin or other biological material, latent fingerprints to include palms or other contact mark which may be used for identification of the occupants.

2.      Any material fibers found in or on the vehicle which may be needed to include or exclude materials found on and with the occupants.

3.      Any identifiable damaged components and/or parts to include paint chips, glass, dents, deformations, and voids which may link the vehicle to the crash scene, to other vehicles, to its occupants, and or to its occupant's position.

4.      Any personal effects to include vehicle registrations, proof of insurance, bill of sale, receipts, personal property, other personal paperwork, or other indicia of ownership, dominion, or control of the above-described vehicle.

5.      Any controlled substances, prescriptions, medications, alcoholic beverages, and/or their containers, and associated paraphernalia.

6.      Any cell phones.

7.      Indicia of ownership, occupancy, and/or use of the vehicle, including such things as: mail (e.g., bills) that may be addressed to the occupant(s), driver's licenses and identification cards, vehicle title, registration, and personal property such as clothing that may identify the owners and/or occupants of the vehicle.

8.      Any data and/or equipment related to data storage from the airbag control module and/or power control module, to be imaged (downloaded) either directly from the module or after the removal of the module from the vehicle.  This includes the potential for the need to dismantle or remove parts of the vehicle for obtaining this data or collecting the module should the vehicle/module placement preclude imaging the module in place.

9.      An examination of the vehicle diagnostics to determine the collision sequence, pre- and post- collision positioning, pre- and post- collision speeds, braking/acceleration patterns (if any), to aid with collision reconstruction.

10.     Photographs and/or video of the vehicle and the things seized.

FAX or Internet

☒ FILED   ☐ LODGED

**Nov 28 2022**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

# UNITED STATES DISTRICT COURT

for the
District of Arizona

In the Matter of the Search of:

a 2018 Toyota Tacoma; VIN#            )
3TMCZ5AN6JM186197; Arizona LP#        )
R0A3DE; located at the Navajo Nation Police   )      Case No.  22-04422-MB
Department in Tuba City, Arizona.     )

## ELECTRONIC APPLICATION FOR SEARCH AND SEIZURE WARRANT

I, <u>FBI Special Agent Jenifer J. Mulhollen</u>, a federal law enforcement officer for the government, request an electronic search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

### See Attachment A-1.

located in the District of Arizona, there is now concealed *(identify the person or describe the property to be seized)*:

### See Attachment B-1.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;

☒ contraband, fruits of crime, or other items illegally possessed;

☒ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. §§ 1153 and 1111 | Second Degree Murder |

The application is based upon the following facts:

☒ Continued on the attached sheet (see attached **Affidavit**).

☐ Delayed notice _____ days (give exact ending date if more than 30 _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA Brian E. Kasprzyk *BEK*

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on: <u>11/28/22</u>

*Applicant's Signature*

Jenifer J. Mulhollen, F.B.I. Special Agent
*Printed Name and Title*

**Sworn by Telephone**

Date/Time: _____

Date: _____ November 28, 2022 _____

City and State:  Flagstaff, Arizona

Camille D.
Bibles

Digitally signed by
Camille D. Bibles
Date: 2022.11.28 11:10:52
-07'00'

*Judge's Signature*

HONORABLE CAMILLE D. BIBLES
United States Magistrate Judge
*Printed Name and Title*

## ATTACHMENT A-1
## PROPERTY TO BE SEARCHED

The vehicle is currently located inside the confines of the Tuba City Police Department in Tuba City, Arizona.

**DESCRIPTION OF VEHICLE:** Make: Toyota; Model: Tacoma; Year: 2018; License Plate: R0A3DE (Arizona); VIN#: 3TMCZ5AN6JM186197; Registered Owner: James Lloyd Yazzie; Registration Authority: Arizona





## ATTACHMENT B-1
## THINGS TO BE SEARCHED FOR AND SEIZED

1.     Any traces of blood, hair, skin or other biological material, latent fingerprints to include palms or other contact mark which may be used for identification of the occupants.

2.     Any material fibers found in or on the vehicle which may be needed to include or exclude materials found on and with the occupants.

3.     Any identifiable damaged components and/or parts to include paint chips, glass, dents, deformations, and voids which may link the vehicle to the crash scene, to other vehicles, to its occupants, and or to its occupant's position.

4.     Any personal effects to include vehicle registrations, proof of insurance, bill of sale, receipts, personal property, other personal paperwork, or other indicia of ownership, dominion, or control of the above-described vehicle.

5.     Any controlled substances, prescriptions, medications, alcoholic beverages, and/or their containers, and associated paraphernalia.

6.     Any cell phones.

7.     Indicia of ownership, occupancy, and/or use of the vehicle, including such things as: mail (e.g., bills) that may be addressed to the occupant(s), driver's licenses and identification cards, vehicle title, registration, and personal property such as clothing that may identify the owners and/or occupants of the vehicle.

8.     Any data and/or equipment related to data storage from the airbag control module and/or power control module, to be imaged (downloaded) either directly from the module or after the removal of the module from the vehicle.  This includes the potential for the need to dismantle or remove parts of the vehicle for obtaining this data or collecting the module should the vehicle/module placement preclude imaging the module in place.

9.     An examination of the vehicle diagnostics to determine the collision sequence, pre- and post- collision positioning, pre- and post- collision speeds, braking/acceleration patterns (if any), to aid with collision reconstruction.

10.     Photographs and/or video of the vehicle and the things seized.

## AFFIDAVIT IN SUPPORT OF
## APPLICATION FOR SEARCH WARRANT

I, Jenifer J. Mulhollen, being first duly sworn, hereby depose and state as follows:

### Introduction and Agent Background

1.      Your Affiant makes this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search two vehicles stored at the Tuba City Police Department in Tuba City, Arizona, as further described in Attachments A-1 and A-2, in order to search for and seize the items outlined in Attachments B-1 and B-2, which represent evidence and/or instrumentalities of the criminal violation further described below.

2.      I have been employed as a Special Agent (SA) of the Federal Bureau of Investigation (FBI) since February 2013.   As a Special Agent of the FBI, I am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code (U.S.C.), Section 2510(7), that is, I am an officer of the United States who is authorized by law to conduct investigations of, and make arrests for, offenses enumerated in Title 18.  I have received training on and have experience in investigating all manner of violent crimes on an Indian reservation, including but not limited to second degree murder and vehicular homicides.  I am currently assigned to the Flagstaff Resident Agency.  In the course of my official duties, I am charged with the investigation of crimes occurring on the Navajo Nation Indian Reservation ("Navajo Nation") within the District of Arizona, including the town of Tuba City.  Based on my training, education and experience, I know that the Navajo Nation is a federally recognized tribe.

1

3.      The facts in this affidavit are based upon my own investigation, my training and experience, the investigation of other federal agents and law enforcement officers, either directly or indirectly through their reports or affidavits, and information obtained from witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.      Based on the facts set forth in this Affidavit, my training and experience, and in consultation with other experienced investigators, there is probable cause to believe that within these vehicles there is evidence and/or instrumentalities of a violation of 18 U.S.C. §§1153 and 1111, Second Degree Murder.  There is also probable cause to search the vehicles described in Attachments A-1 and A-2 for the evidence and/or instrumentalities as further described in Attachments B-1 and B-2.

**<u>Vehicle Collision</u>**

5.      This matter involves the investigation of a vehicle collision that killed a person in the early evening hours of November 23, 2022, in the Tuba City District on the Navajo Nation Indian Reservation, located within the District of Arizona.  The crash involved a 2018 Toyota Tacoma driven by James Lloyd Yazzie (Yazzie) and a 2016 Kia BTM driven by the victim, A.R., who was pronounced dead at the scene.  Yazzie did not suffer any significant injuries.

6.      On November 23, 2022, your Affiant was notified by Navajo Nation Tuba City District Criminal Investigator (CI) Crystal Thinn of a two-vehicle accident resulting in one fatality, A.R.  At approximately 6:57 p.m., a passerby reported the accident to the

Navajo Nation Police Department. The accident location provided by the passerby was milepost 340.6 on Arizona State Highway 160 in Tonalea, Arizona. CI Thinn informed your Affiant that Yazzie, a member of the Navajo Nation, was driving a 2018 Toyota Tacoma that collided with a 2016 Kia BTM driven by A.R., a non-native.

 

*Images 1 and 2:  A.R.'s vehicle once transported from the scene of the crash.*



*Image 3: Yazzie's vehicle once transported to the Tuba City Police Department as*

*evidence.*

7.      When Navajo Nation Police arrived on scene, they observed Yazzie still in the Toyota Tacoma.  The officer also observed a bottle of Jameson whiskey in the vehicle. The officer instructed Yazzie to climb out of the vehicle through the passenger side.  The officer observed that Yazzie was staggering, had slurred speech, was combative, and incoherent.  An ambulance arrived on scene and transported Yazzie to the Tuba City Regional Health Care Corporation (hospital) where he was evaluated for any injuries. Yazzie had bruises on his legs and chest but was not significantly injured in the collision and was subsequently taken into Tribal custody.

8.      Officers with the Arizona Department of Public Safety (DPS) responded to the scene and began an accident reconstruction investigation.  At the conclusion of the on scene portion of the investigation, both Yazzie's and the victim's vehicles were towed to the Navajo Nation Tuba City Police Department.   The DPS accident reconstruction investigation remains open pending collection of the data from each vehicles event data recorder, colloquially referred to as the "black box."

9.      The victim is scheduled for an autopsy on Monday, November 28, 2022, at the Coconino Medical Examiner's Office in Flagstaff, Arizona.

**<u>Interview of Mr. Yazzie</u>**

10.     On November 25, 2022, I interviewed Mr. Yazzie at the Navajo Nation Tuba City corrections facility in Tuba City, Arizona.  I advised Mr. Yazzie of his rights verbatim, per a standard Advice of Rights Form (FD-395).  Mr. Yazzie indicated he understood his rights and agreed to speak to your Affiant.

4

11.     Yazzie confirmed that he is an enrolled member of the Navajo Nation. Yazzie stated he works in Parker, Arizona on the Colorado River Indian Tribes (CRIT) Reservation as a heavy machine operator.  Yazzie is from Black Mesa, Arizona.  On November 23, 2022, Yazzie was traveling to Black Mesa from Parker.  Yazzie woke up in Parker and packed up some of his belongings from his recreational vehicle (RV).  Yazzie then drove his 2018 Toyota Tacoma to Lake Havasu, Arizona, where he stopped for a snack.  Yazzie stopped for fuel in Kingman, Arizona and then drove to Flagstaff, Arizona where he made three stops.

12.     Yazzie stated his first stop in Flagstaff was at a CVS Pharmacy, where he picked up his prescriptions for high blood pressure and high cholesterol.  Yazzie's second stop was at his son's mother-in-law's residence.  There Yazzie picked up tables, and an ice chest containing meat to cook back at the house in Black Mesa.  Yazzie's final stop in Flagstaff was at a liquor store.  Yazzie did not recall the name of the liquor, but described it as being located near a Circle K on the East side of Flagstaff.  Yazzie said he purchased a "small bottle" of Jameson whiskey.  Yazzie then departed Flagstaff for Black Mesa.

13.     Your Affiant asked Yazzie what, if anything, he recalled about the collision. Yazzie remembered colliding with another vehicle, spinning around, and the air bags in his truck deploying.  Yazzie remained in this vehicle during the collision.  Your Affiant asked Yazzie if the weather was bad.  Yazzie stated, "No."  Your Affiant asked Yazzie if any animals crossed the road in front of him.  Yazzie stated, "Might have been. Yes. Yes. Yes."

14.     SA Mulhollen asked Yazzie what else he recalled about the collision.  Yazzie recalled climbing out the passenger side of his truck and seeing an ambulance.  Yazzie was

not sure how fast he was driving.  Yazzie stated he usually drives the speed limit or five miles per hour over, "or a little bit more."  Yazzie was not trying to pass any vehicles at the time of the collision.

15.    Yazzie admitted to drinking out of the bottle of Jameson while driving his truck.  Yazzie stated that he did not drink "that much" out of the bottle.  Yazzie did not recall how much of the bottle of Jameson he consumed.  Yazzie started consuming the Jameson when he approached the town of Cameron.  [Cameron, Arizona is roughly 50 miles from the scene of the collision.]  Yazzie stated that he stopped consuming the Jameson at the junction of Arizona State Highway 89 and Arizona State Highway 160.

16.    Yazzie denied having or using any illicit drugs prior to the collision.  Yazzie said he did not make any other stops after departing Flagstaff.  Yazzie stated he is not supposed to consume alcohol with his prescription drugs, and he had not yet taken any of the medication he picked up from the CVS shortly before the collision.

17.    Yazzie stated that he was not using his cellphone at the time of the collision.  Yazzie said he typically does not use his cellphone while he is driving and that he has a magnet on his dashboard that holds his cellphone.  Yazzie did not know where his cellphone was and believes it may still be inside his truck.

18.    Yazzie did not speak to anyone on the side of the road except for Navajo Nation Police.  Yazzie remained in his vehicle until the Navajo Police officer told Yazzie to get out through the passenger side of his truck.

19.    Your Affiant asked Yazzie if his driving was impaired due to his consuming alcohol.  Yazzie stated, "Yes, that's what I'm thinking. Yeah."  Yazzie did not recall

6

swerving or taking any evasive maneuvers with his vehicle. Yazzie only recalled drinking the Jameson and being in a collision.

20.     Your Affiant asked Yazzie if he had any questions. Yazzie asked, "So the accident, was there a death or something?" Your Affiant informed Yazzie, "Yes, there was. Yazzie asked, "One?" Your Affiant told Yazzie, "Correct one death."

21.     Yazzie asked additional questions about the location of his vehicle, and property in the vehicle. Yazzie was informed that his vehicle had been towed to the Navajo Nation Police station in Tuba City and was being seized as part of the investigation.

## Investigation at Cinders Liquors

22.     On November 25, 2022, FBI Agents obtained surveillance footage from the Cinders Liquors store located at 5620 US-89 in Flagstaff. The footage appears to show Yazzie exiting his white Toyota Tacoma and purchasing a bottle of Jameson Whiskey. A point-of-sale receipt was collected as part of this investigation. The receipt is dated: 23-Nov-22 5:07:17P and reflects a debit card payment in the amount of $19.75 with Visa card ending in 6467. Agents confirmed that Yazzie had purchased a 750 milliliter bottle of Jameson Irish Whiskey.

 

*Images 4 and 5: Surveillance Footage from Cinders Liquors which appears to show*

*Yazzie purchasing a bottle of Jameson Whiskey.*



*Image 6: Point of Sale Receipt*

## **Things to be Searched for and Seized**

23.     Based on the foregoing, your Affiant is seeking a search warrant to search both vehicles involved in the collision.  The investigation thus far has shown there is probable cause to believe that James Lloyd Yazzie acted recklessly with extreme disregard for human life by drinking alcohol and driving.  An examination of the event data recorders ("black boxes") of both vehicles involved is necessary in order to determine the collision

sequence, pre- and post- collision positioning, pre- and post- collision speeds, braking/acceleration patterns (if any), to aid with collision reconstruction. The event data recorders will be examined by Arizona DPS as part of their accident reconstruction investigation.

24.     A search of each vehicle for the items listed in Attachments B-1 and B-2 will aid investigators to determine ownership/maintenance/occupancy, occupant placement, to collect insurance/registration information, to recover any evidence of alcohol being consumed by either driver and to determine if anything such as a cellular telephone may have been distracting either driver from the safe operation of their respective vehicles at the time of or immediately prior to the collision that killed the victim.

25.     Based upon the facts contained in this Affidavit, your Affiant submits there is probable cause to believe that the items listed in Attachment B-1 will be found in the 2018 Toyota Tacoma Pickup Truck bearing Vehicle Identification Number 3TMCZ5AN6JM186197 and Arizona license plate number R0A3DE more fully described in Attachment A-1.

26.     Based upon the facts contained in this Affidavit, your Affiant submits there is probable cause to believe that the items listed in Attachment B-2 will be found in the 2016 KIA BTM bearing Vehicle Identification Number KNAFK4A62G5618171 and California license plate number 7TGK528 more fully described in Attachment A-2.

27.     Based on your Affiant's training and experience, indicia of ownership includes vehicle registration, proof of insurance, mail (e.g., bills) addressed to the vehicle's owner(s) and/or operators, driver's licenses and/or identification cards, personal property

9

such as clothing that may identify the vehicle's owners and/or operators, and photographs of the vehicle's owners and/or operators. Your Affiant further requests to seek and collect the presence of any alcohol or cellular phones inside of the vehicles.

28.     Based on my knowledge, training, and experience, your Affiant knows that cellular telephones contain electronically stored data, including, but not limited to, records related to communications made to or from the cellular telephone, such as the associated telephone numbers or account identifiers, the dates and times of the communications, and the content of stored text messages, e-mails, and other communications; names and telephone numbers stored in electronic "address books;" photographs, videos, and audio files; stored dates, appointments, and other information on personal calendars; notes, documents, or text files; information that has been accessed and downloaded from the Internet; and global positioning system ("GPS") information.  This information is helpful to determine a timeline of the collision and to determine if any cellular phone was in use prior to or during the collision.

///

///

////

///

///

///

///

10

## Conclusion

29.     Based on the foregoing, there is probable cause to believe that on or about November 23, 2002 at or near Tuba City, Arizona, James Lloyd Yazzie committed a violation of 18 U.S.C. §§1153 and 1111, Second Degree Murder and that there is evidence and/or instrumentalities of the crime located in the property to be searched, particularly described in Attachments A-1 and A-2, and the evidence to be searched for and seized is particularly described in Attachments B-1 and B-2.

**Pursuant to 28 U.S.C. § 1746(2), I declare that the foregoing is true and correct to the best of my knowledge and belief.**

_____                _____27 Nov 22_____
Jenifer Mulhollen                                Date
Special Agent, FBI

___X___     Sworn by Telephone

                                                 Camille D. Bibles    Digitally signed by
                                                                       Camille D. Bibles
                                                                       Date: 2022.11.28
                                                                       11:10:02 -07'00'
Date/Time:   _____            HONORABLE CAMILLE D. BIBLES
                                                 United States Magistrate Judge

11